**Opinion issued May 14, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-23-00737-CR**

**NO. 01-23-00738-CR**

———————————

**DEMETRIA K. PRYOR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 297th District Court**
**Tarrant County, Texas[1]**
**Trial Court Case Nos. 1505229D, 1505231D**

---

[1] Pursuant to its docket equalization authority, the Texas Supreme Court transferred this appeal from the Court of Appeals for the Second District of Texas. *See* Misc. Docket No. 22–9050 (Tex. June 30, 2022); TEX. GOV'T CODE § 73.001 (authorizing transfer of cases between courts of appeals); *see also* TEX. R. APP. P. 41.3.

# MEMORANDUM OPINION

Demetria K. Pryor pleaded guilty to the offenses of aggravated assault with a deadly weapon and racing on a highway causing serious bodily injury.[2] The trial court deferred adjudication of guilt and placed her under community supervision for seven years. The State then filed a motion to revoke deferred adjudication.

At the hearing on the State's motion to revoke deferred adjudication, Pryor pleaded "true" to all the allegations in the State's motion. The trial court found the allegations "true," adjudicated Pryor's guilt, and assessed punishment at 12 years' confinement for each offense with the sentences to run concurrently. This appeal followed.

On appeal, Pryor's appointed counsel filed a motion to withdraw and a brief stating that the record presents no reversible error, that the appeal is without merit, and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *Id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of

---

[2]     *See* TEX. PENAL CODE § 22.02(a)(2); TEX. TRANSP. CODE § 545.420(a), (b), (h).

error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has advised Pryor of her right to access the record and provided her with a form motion for access to the record. Counsel further advised Pryor of her right to file a pro se response to the *Anders* brief. Although Pryor filed a motion for access to the record, which was granted, she did not file a pro se response to the *Anders* brief.

We have independently reviewed the entire record in this appeal. After doing so, we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that the appeal is frivolous.[3] *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous).[4] Accordingly, we affirm the trial court's judgments and grant counsel's motion to withdraw. Attorney

---

[3]    We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827 & n.6 (Tex. Crim. App. 2005).

[4]    *See also Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe*, 178 S.W.3d at 826–27 (same); *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (reviewing court determines whether arguable grounds exist by reviewing entire record).

Michael Berger must immediately send Pryor the required notice and file a copy of the notice with the Clerk of this Court.[5] *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[5] Appointed counsel still has a duty to inform appellant of the result of this appeal and that she may, on her own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).